

ORIGINAL

1  JEFFREY A. KRIEGER (SBN 156535)
   JKrieger@GreenbergGlusker.com
2  RICARDO P. CESTERO (SBN 203230)
   RCestero@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN
   & MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California 90067-4590
5  Telephone: 310.553.3610
   Fax: 310.553.0687

FILED
NOV 13 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Attorneys for Plaintiffs Starpoint Properties, LLC, Blackhawk Properties, LLC, Mill Avenue Properties, LLC, Mill Avenue Properties II, LLC, Mill Avenue Properties III, LLC, Mill Avenue Properties IV, LLC, 450 Roxbury Properties, LLC, 450 Roxbury Properties II, LLC, 450 Roxbury Properties III, LLC, 450 Roxbury Properties IV, LLC, 450 Roxbury Properties V, LLC, 450 Roxbury Properties VI, LLC, Colfax Properties, LLC, Foothill Ridge Properties, LLC and Jennifer Greenhut

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In Re<br><br>EZRI NAMVAR,<br><br>Debtor. | Case No. 2:08-bk-32349-BR<br><br>Chapter 11<br><br>Adv. No.<br><br>**COMPLAINT FOR FRAUD AND TO DETERMINE DEBT TO BE NONDISCHARGEABLE**<br><br>[11 U.S.C. §523(a)(2), (4) and (6)]<br><br>**Date:** To Be Set By Summons<br>**Time:**<br>**Courtroom:**<br><br>*[caption continued on next page]* |

17233-00002/1709292.4

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

STARPOINT PROPERTIES, LLC, BLACKHAWK PROPERTIES, LLC, MILL AVENUE PROPERTIES, LLC, MILL AVENUE PROPERTIES II, LLC, MILL AVENUE PROPERTIES III, LLC, MILL AVENUE PROPERTIES IV, LLC, 450 ROXBURY PROPERTIES, LLC, 450 ROXBURY PROPERTIES II, LLC, 450 ROXBURY PROPERTIES III, LLC 450 ROXBURY PROPERTIES IV, LLC, 450 ROXBURY PROPERTIES V, LLC, 450 ROXBURY PROPERTIES VI, LLC, COLFAX PROPERTIES, LLC, FOOTHILL RIDGE PROPERTIES, LLC, VIRGIL AVENUE PROPERTIES, LLC and JENNIFER GREENHUT,

Plaintiffs,

v.

EZRI NAMVAR,

Defendant

Plaintiffs Starpoint Properties, LLC, Blackhawk Properties, LLC, Mill Avenue Properties, LLC, Mill Avenue Properties II, LLC, Mill Avenue Properties III, LLC, Mill Avenue Properties IV, LLC, 450 Roxbury Properties, LLC, 450 Roxbury Properties II, LLC, 450 Roxbury Properties III, LLC, 450 Roxbury Properties IV, LLC, 450 Roxbury Properties V, LLC, 450 Roxbury Properties VI, LLC, Colfax Properties, LLC, Foothill Ridge Properties, LLC and Jennifer Greenhut (collectively "Plaintiffs") allege as follows:

1.      This action arises out of the outrageous fraudulent conduct of Ezri Namvar (the "Debtor"), his brothers, Hooshang (aka Sean), Ramin and Homayoun (aka Tony) (the "Brothers"), and their related entities, Unitex Industries, Inc. ("Unitex"), Pacesetter Fabrics, LLC ("Pacesetter"), Namco Capital Group Inc. ("Namco"), and Beshmada, LLC ("Beshmada") (the Brothers, Unitex, Namco and Beshmada are, collectively, the "Namvar Parties"). In order to induce Plaintiffs to accept a multi-million dollar Demand

Promissory Note, a second trust deed on property owned by Unitex and guaranties by Ezri, Ramin and Homayoun Namvar and Beshmada, Debtor and his Brothers lied about the leases in place at the property and the rental income generated by the property. Debtor and his Brothers claimed the property was subject to a single lease paying $120,000 per month and even went so far as to create a fake written lease reflecting that amount. Debtor and his Brothers gave the fake lease (which had been executed by Ramin on behalf of the tenant, Pacesetter, and by Sean on behalf of the landlord, Unitex) to Plaintiffs, along with some similarly fraudulent written financial statements which purported to show the $120,000 per month payments. In truth, the property had monthly rental income of only approximately $49,000. As a direct result of the intentional, willful and malicious fraudulent misrepresentations, Unitex failed to make the necessary payments that are due under the note and Ezri, Ramin and Homayoun Namvar and Beshmada have failed and refused to make the necessary payments under their guaranties. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned Debtor and the Namvar Parties were the agent, employee or co-conspirator of the other, and that all acts described herein were done with the knowledge of, and for the benefit of, the Debtor and the Namvar Parties. Accordingly, Plaintiffs bring this action for fraud and to determine Debtor's debt to be nondischargeable.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. §§157(a) and (b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I). Venue for this adversary proceeding is proper pursuant to 28 U.S.C. §1409(a).

## THE PARTIES

3.  Plaintiffs Starpoint Properties, LLC, Colfax Properties, LLC, and Foothill Ridge Properties, LLC are, and at all times herein mentioned were, limited liability companies organized and existing under the laws of the State of California and doing business in Los Angeles County.

17233-00002/1709292.4              3

4. Plaintiffs Blackhawk Properties, LLC, Mill Avenue Properties, LLC, Mill Avenue Properties II, LLC, Mill Avenue Properties II, LLC, Mill Avenue Properties IV, LLC, 450 Roxbury Properties, LLC, 450 Roxbury Properties II, LLC, 450 Roxbury Properties III, LLC, 450 Roxbury Properties IV, LLC, 450 Roxbury Properties V, LLC and 450 Roxbury Properties VI, LLC are, and at all times herein mentioned were, limited liability companies organized and existing under the laws of the state of Delaware and doing business in Los Angeles County.

5. Plaintiff Jennifer Greenhut is, and at all times herein mentioned was, an individual residing in and/or doing business in Los Angeles County.

6. Defendant Ezri Namvar (the "Debtor") is the Chapter 11 debtor herein, having filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Petition") on December 22, 2008.

## FIRST CLAIM FOR RELIEF

### (For Fraud)

7. Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation herein and above set forth in paragraphs 1 through 6, inclusive, as though fully set forth herein.

8. On December 27, 2007, Unitex executed a written "Demand Promissory Note Secured by Deed of Trust" (the "Demand Note") in favor of Plaintiffs. Under the terms of the Demand Note, Unitex was required to pay Plaintiffs $6,249,078 shortly after execution of the Demand Note and would thereafter make interest payments on $8,332,045. Plaintiffs retained the right to demand full payment of the $8,332,045 on thirty days notice to Unitex. The Demand Note provided for a revolving line of credit on this $8,332,045 amount such that Unitex could borrow and re-borrow up to that amount. A true and correct copy of the Demand Note is attached hereto as Exhibit A.

9. In order to induce Plaintiffs to enter into the Demand Note, Debtor and his Brothers, both individually and as agents for the remainder of the Namvar Parties, represented to Plaintiffs that Unitex owned property at 1401-1433 South Griffith Avenue,

17233-00002/1709292.4                4

Los Angeles, California (the "Griffith Property") which would provide sufficient security for the Demand Note. Specifically, Debtor and his Brothers, both individually and as agents for the remainder of the Namvar Parties, represented that the Griffith Property was subject to a single long term lease which paid rent at $120,000 per month. Debtor and the Namvar Parties even gave Plaintiffs a fully executed copy of a document which reflected this purported lease, along with doctored financial statements purporting to reflect rent payments made.

10. At the same time Debtor and the Namvar Parties were negotiating with Plaintiffs regarding the Demand Note, Debtor and the Namvar Parties were in the process of obtaining a loan from Cathay Bank for $10,000,000, which was to be secured by a first trust deed on the Griffith Property. Plaintiffs are informed and believe, and thereon allege, that Debtor and the Namvar Parties provided Cathay Bank with the same documents purporting to reflect a $120,000 per month lease for the Griffith Property to induce Cathay Bank to issue that loan.

11. In or about October 2008, Unitex failed to make the required interest payments on the Demand Note. At that time, Plaintiffs learned for the first time that the representations of Debtor and the Namvar Parties regarding the lease on the Griffith Property were false. In fact, Debtor and the Namvar Parties admitted that the document they provided to Plaintiffs (and to Cathay Bank) was a fake and that the Griffith Property was leased to other tenants under leases that produced no more than $49,000 per month in income. Moreover, Plaintiffs learned that the financial statements provided were not truthful or accurate and the purported tenant on the $120,000 per month lease, Pacesetter, had not paid any rent for the Griffith Property.

12. As such, Debtor falsely and fraudulently misrepresented the rental income for the Griffith Property at the time Plaintiffs and Unitex entered into the Demand Note. Although Debtor represented that the Griffith Property was subject to a single lease paying $120,000 per month rent, the true facts were that the Griffith Property was leased to several other tenants paying no more than $49,000 per month. Debtor knew these

representations were false at the time they were made, but made them anyway to fraudulently induce Plaintiff to make the loan.

13. Debtor's representations as to the rental income for the Griffith Property were material to Plaintiffs. The value of the Griffith Property would be much higher if there was a tenant paying $120,000 per month. Moreover, that level of income would have been more than sufficient to cover the debt on both the Demand Note and the Cathay Bank loan.

14. Plaintiffs reasonably relied on Debtor's misrepresentations and had no reason to believe the representations were false. Plaintiffs were provided a fully executed copy of a document purporting to be the lease along with financial statements purporting to show rent payments made. Plaintiffs could not have known that all the documents provided by Debtor were totally fake. Plaintiffs would not have entered into the Demand Note but for the intentionally false representations regarding the rental income on the Griffith Property or the fake lease.

15. Debtor's misrepresentations as to the lease status and rental income from the Griffith Property were made with the intent to defraud Plaintiffs.

16. As a direct and proximate result of Debtor's fraud, Plaintiffs have been damaged in an amount to be determined according to proof, but no less than $6,862,000.

17. Debtor acted fraudulently and in conscious disregard of Plaintiffs' rights in defrauding Plaintiffs as more fully described herein. Specifically, Debtor deliberately and intentionally planned to induce Plaintiffs to enter into the Demand Note, knowing full well that the security promised was significantly less than had been represented. Debtor further knew and intended that, given the true state of the facts about the rental income on the Griffith Property, Unitex would not be able to make payments on both the Demand Note and the Cathay Bank loan. Debtor's conduct was sufficiently fraudulent, willful and malicious so as to justify an award of punitive damages to punish him and to deter such malicious conduct in the future.

## SECOND CLAIM FOR RELIEF

**(For determination of Non-Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(2))**

18. Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation herein and above set forth in paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. The acts and conduct of the Debtor as alleged herein constitute grounds for a determination that the debt owed by the Debtor to Plaintiff is non-dischargeable, pursuant to 11 U.S.C. §523(a)(2).

## THIRD CLAIM FOR RELIEF

**(For determination of Non-Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(4))**

20. Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation herein and above set forth in paragraphs 1 through 17, inclusive, as though fully set forth herein.

21. The acts and conduct of the Debtor as alleged herein constitute grounds for a determination that the debt owed by the Debtor to Plaintiff is non-dischargeable, pursuant to 11 U.S.C. §523(a)(4).

## FOURTH CLAIM FOR RELIEF

**(For determination of Non-Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(6))**

22. Plaintiffs repeat, reallege, and incorporate herein by this reference each and every allegation herein and above set forth in paragraphs 1 through 17, inclusive, as though fully set forth herein.

23. The acts and conduct of the Debtor as alleged herein constitute grounds for a determination that the debt owed by the Debtor to Plaintiff is non-dischargeable, pursuant to 11 U.S.C. §523(a)(6).

17233-00002/1709292.4

7

WHEREFORE, Plaintiff requests judgment against the Debtor as follows:

a. For damages in an amount to be determined according to proof, but no less than $6,862,000;

b. For prejudgment interest on any damages owed from the date of Debtor's wrongdoing;

c. For punitive damages in an amount to be determined according to proof;

d. For a determination that the debts owed by the Debtor to the Plaintiffs are not dischargeable in this bankruptcy proceeding or any bankruptcy proceeding subsequently filed by or against the Debtor;

e. For all costs and attorneys' fees incurred by Plaintiff in commencing and prosecuting this action; and

f. For such other and further relief as the Court deems just and proper.

DATED: November 12, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
JEFFREY A. KRIEGER
RICARDO P. CESTERO
Attorneys for STARPOINT
PROPERTIES, LLC, BLACKHAWK
PROPERTIES, LLC, MILL AVENUE
PROPERTIES, LLC, MILL AVENUE
PROPERTIES II, LLC, MILL AVENUE
PROPERTIES III, LLC, MILL AVENUE
PROPERTIES IV, LLC, 450 ROXBURY
PROPERTIES, LLC, 450 ROXBURY
PROPERTIES II, LLC, 450 ROXBURY
PROPERTIES III, LLC 450 ROXBURY
PROPERTIES IV, LLC, 450 ROXBURY
PROPERTIES V, LLC, 450 ROXBURY
PROPERTIES VI, LLC, COLFAX
PROPERTIES, LLC, FOOTHILL
RIDGE PROPERTIES, LLC, VIRGIL
AVENUE PROPERTIES, LLC and
JENNIFER GREENHUT

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Starpoint Properties, LLC, Blackhawk Properties, LLC, Mill Avenue Properties, LLC, Mill Avenue Properties II, LLC, Mill Avenue Properties III, LLC, Mill Avenue Properties IV, LLC, 450 Roxbury Properties, LLC, 450 Roxbury Properties II, LLC, 450 Roxbury Properties III, LLC, 450 Roxbury Properties IV, LLC, 450 Roxbury Properties V, LLC, 450 Roxbury Properties VI, LLC, Colfax Properties, LLC, Foothill Ridge Properties, LLC and Jennifer Greenhut | **DEFENDANTS**<br>Ezri Namvar<br><br>RECEIVED<br>NOV 13 2009<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jeffrey A. Krieger (SBN 156535)<br>Ricard P. Cestero (SBN 203230)<br>Greenberg Glusker Fields Claman & Machtinger LLP<br>1900 Avenue of the Stars, Suite 2100<br>Los Angeles, CA 90067-4590<br>(310) 553-3610<br>Fax: (310) 553-0687 | **ATTORNEYS** (If Known)<br>David B. Shemano, Howard P. Weg, Jennifer Leland, Monserrat Morales<br>Peitzman Weg & Kempinsky LLP<br>10100 Santa Monica Boulevard, Suite 1450<br>Los Angeles, CA 90067<br>(310) 552-3100<br>Fax: (310) 552-3101<br><br>Stephen F. Biegenzahn<br>4300 Via Marisol, Suite 764<br>Los Angeles, CA 90042-5079<br>(213) 617-0017<br>Fax: (480) 247-5977 |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br><br>Complaint for fraud and to determine debt to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4) and (6) | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

B104 (FORM 104) (08/07)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☒ **1** 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☒ **2** 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☒ **3** 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

17233-00002/1710560.1

American LegalNet, Inc.
www.FormsWorkflow.com

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Ezri Namvar | | BANKRUPTCY CASE NO.<br>2:08-bk-32349-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Barry Russell |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] | | | |
| DATE<br>November 13, 2009 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Aaron L. Gafni (SBN 253176), Attorneys for Plaintiffs Starpoint Properties, LLC, Blackhawk Properties, LLC, Mill Avenue Properties, LLC, Mill Avenue Properties II, LLC, Mill Avenue Properties III, LLC, Mill Avenue Properties IV, LLC, 450 Roxbury Properties, LLC, 450 Roxbury Properties II, LLC, 450 Roxbury Properties III, LLC, 450 Roxbury Properties IV, LLC, 450 Roxbury Properties V, LLC, 450 Roxbury Properties VI, LLC, Colfax Properties, LLC, Foothill Ridge Properties, LLC and Jennifer Greenhut | | |

17233-00002/1710560.1

American LegalNet, Inc.
www.FormsWorkflow.com